# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**VICTOR LAMAR EDWARDS,**                                                          **PLAINTIFF**
**ADC #500959**

**V.**                        **CASE NO. 3:18-CV-227-BD**

**TODD FRAZIER,** *et al*.                                                       **DEFENDANTS**

# ORDER

**I.**      **Background**

Victor Lamar Edwards, formerly an inmate at the Craighead County Detention Center (Detention Center), filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) In his complaint, Mr. Edwards alleges that Defendants Frazier, Bowers, and Boyd failed to protect him from an attack by a fellow inmate, and that Defendant Herald[1] failed to properly train Defendants Frazier, Bowers, and Boyd.

Defendants have now moved for summary judgment on Mr. Edwards's claims (#34); and Mr. Edwards has responded (#39).

**II.**      **Discussion**

    A. Standard

In a summary judgment, the Court decides the case without a trial. A moving party is entitled to summary judgment if—but only if—the evidence shows that there is no

---

[1] The Clerk is instructed to update the docket sheet to reflect the correct spelling of Defendant Harrell's name. (#13)

genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). In this case, the important facts are not in dispute.

    B.  Failure to Protect Claim

On October 17, 2018, Defendant Frazier approached Mr. Edwards after observing that his eye was swollen shut. (#35-1 at p.186) Mr. Edwards told Defendant Frazier that he had fallen down the stairs. (*Id.*) Not satisfied with that explanation, Defendant Frazier reviewed video footage of Mr. Edwards's cell. He saw inmates Mathis, Donovan, and Syrell "approach inmate Edwards and take an aggressive stance." (*Id.*) Mr. Edwards then struck inmate Mathis, and the two began to fight.[2] Mr. Edwards was taken to the hospital following the incident for medical treatment.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). But, to succeed on a failure-to-protect claim, Mr. Edwards must demonstrate that he faced a substantial risk of serious harm; that the defendants actually knew of the risk; and that they chose to ignore the risk. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007) (quotation omitted).

    1.  Defendant Frazier

Defendant Frazier has filed an affidavit in support of the motion for summary judgment. (#35-2) According to his sworn statement, before the fight between Mr.

---

[2] The Court has reviewed the video footage of the underlying incident, and it is apparent that Mr. Edwards struck the first blow.

Edwards and inmate Mathis, he knew of no incidents or altercations between the two. (*Id.* at p.2) Furthermore, neither inmate had reported that the other was a threat to his safety; and neither had requested to be separated from the other. (*Id.*) Defendant Frazier testified that he had no reason to suspect that either inmate posed a safety risk to the other.

Mr. Edwards has not come forward with any evidence to contradict Defendant Frazier's testimony. The only conclusion that can be drawn from the evidence in the record, therefore, is that Defendant Frazier had no knowledge that Mr. Edwards faced a risk of attack prior to the fight giving rise to this lawsuit. Therefore, Defendant Frazier is entitled to judgment as a matter of law.

2. Defendants Bowers and Boyd

Defendants Bowers and Boyd have also filed affidavits in support of their motion for summary judgment. (#35-1, #35-4) According to their testimony, neither had any personal knowledge of the incident between Mr. Edwards and inmate Mathis; nor was either present at the Detention Center when the fight occurred. Again, Mr. Edwards has not come forward with any evidence to contradict this testimony. Accordingly, the undisputed evidence shows that neither of these Defendants knew of any risk that inmate Mathis posed to Mr. Edwards, much less that they disregarded a known risk. Therefore, Defendants Bowers and Boyd also are entitled to judgment as a matter of law.

C. Failure to Train – Defendant Harrell

Defendant Harrell, as a supervisor of Defendants Bowers, Boyd, and Frazier, can be held liable here only "if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Otey v. Marshall*,

3

121 F.3d 1150, 1155 (8th Cir. 1997) (internal citations omitted). To succeed on a failure-to-train claim, Mr. Edwards must show that Defendant Harrell "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure proximately caused the injury." *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). Importantly, a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007).

Here, because there is no evidence to support Mr. Edwards's claims against Defendant Harrell's subordinates, there is nothing to support a claim that a failure to train Detention Center staff caused Mr. Edwards harm. And, there is no evidence to indicate that Detention Center staff lacked adequate training or that inadequate training contributed in any way to Mr. Edwards's injuries at the hands of inmate Mathis.

## III.   Conclusion

Defendants' motion for summary judgment (#34) is GRANTED. Mr. Edwards's claims are DISMISSED, with prejudice. The Clerk is instructed to close this case.

IT IS SO ORDERED, this 12th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

4